

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Patricia McLane*                     *36 S. Charles Street*        DIRECT: 410-209-4942
*Assistant United States Attorney*    *Suite 400*                   MAIN: 410-209-4800
*Patricia.McLane@usdoj.gov*           *Baltimore, MD 21201-3119*    FAX: 410-962-3124

August 1, 2025

The Honorable Julie R. Rubin
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    <u>Sentencing in *United States v. Brayden Grace*
             Criminal No. JRR-24-0023</u>

Dear Judge Rubin:

      The Defendant, Brayden Grace, is scheduled for sentencing on August 14, 2025, at 2:00 p.m. As explained below, a sentence of **no less than 40 months' imprisonment**, is sufficient, but not greater than necessary, to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

      The Government read a lengthy Statement of Facts from the Plea Agreement at the Rule 11 hearing about the damage caused by the Defendant. The PreSentence Report ("PSR") reiterates the terrible acts the Defendant and his co-defendants set into motion with their coercive words. But a simple recitation of the facts does not capture how the victims of these crimes were impacted at the time, and how they are still affected to this day. These are not victimless crimes; rather, these crimes done by "anonymous" defendants from the comfort of their homes who send words and ideas out into the world that disrupt and ruin lives of others; cause stress and fear to citizens and law enforcement; and spend limited government resources. Some victims of the Defendant's crimes are speaking out and their impact statements are enclosed under seal with this letter. The letters provide the Court a full picture of the consequences of the Defendant and his co-defendant's actions.

    **I.**    **Sentencing Guidelines and Criminal History Calculation**

      The Government agrees with the Guidelines calculations set forth in the PSR despite being slightly higher than the guidelines contemplated by the parties in the Plea Agreement. ECF No. 115 at ¶ 71. The parties did not include additional levels to Counts 3 – 6 for substantial disruption to government services pursuant to U.S.S.G. § 2A6.1(b)(4)(A). Similarly, the PSR adds four levels pursuant to the grouping rules; the parties' Plea Agreement only added three levels. However, because the parties have a Rule 11(c)(1)(C) plea, the final guidelines are an academic matter.

The Government agrees with the Defendant's criminal history in the PSR. *Id.* at ¶ 77. Accordingly, with a total adjusted offense level of 21 and a criminal history category of I, the advisory sentencing guidelines range is 37-46 months. The Plea Agreement includes a downward variant range of 30-44 months. The Government's recommendation is within both; moreover, regardless of the final guidelines, the Government believes a sentence of no less than 40 months' incarceration is sufficient, but not greater than necessary, to accomplish the goals of the Sentencing Reform Act.

## II.     Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a)

### a.  Nature, Circumstances, and Seriousness of the Offense

The seriousness of these crime cannot be over emphasized. The Defendant's words and actions caused panic and fear over the course of a few months. People thought their lives were in danger; law enforcement thought people's lives were in danger; and despite the intent or reasoning behind the Defendant's words, people *could* have been seriously injured or killed. Words matter and here, words set into motion serious consequences.

Further, the words were meant to inspire others to commit similar acts. These crimes do not happen in a vacuum. The purpose of committing these crimes is to target victims and coerce them into doing the same to avoid further victimization of themselves. It is like a pyramid scheme of pain, stress, and havoc. And the nature of these crimes makes it very difficult for law enforcement assign attribution. The web sites used by the Defendant and others are stealth in nature. Recovering evidence is time consuming and difficult, making it virtually impossible for the crimes to be uncovered and certainly impossible to thwart the crimes at inception.

### b.  History and Characteristics of the Offender

There is no doubt the Defendant comes from a troubled home and has suffered at the hands of others. The Defendant needs mental health and educational services. A sentence of no less than 40 months will afford the Defendant the opportunity to receive both.

However, no amount of mitigation can justify the Defendant lashing out at innocent citizens. The Defendant did not commit crimes against those that caused him distress; rather, he continued the cycle of abuse by attacking others who had no warning or reason to suspect they were being targeted.

### c.  Deterrence and Public Protection

The Government believes their recommended sentence is necessary to protect the public and adequately deter the Defendant from further criminal conduct.

First, the public will be protected from further crimes of the Defendant who will be removed from the community for at least two and a half years, and at most, three years and ten months. The Government anticipates the Defendant's access to the websites and technology he used to commit these crimes would be banned, limited, or at least and monitored while

incarcerated. Further restrictions on his use of technology should be in place while on supervised release to provide additional protection to the public.

Second, the sentence will serve to deter the Defendant once released from incarceration. Expecting the Defendant to never use technology is not realistic given his age and the prevalence of it in our society. But the threat of future incarceration will hopefully make the Defendant circumspect.

Finally, the Defendant has two co-defendants who are scheduled for sentencing in September and November. The Government intends to ask for similar sentences for each man.

### III.  Conclusion

Based on the foregoing, the United States respectfully submits that a sentence of no less than 40 months' imprisonment is fair, reasonable, and not greater than necessary.

> Respectfully Submitted,
>
> Kelly O. Hayes
> United States Attorney
>
> /s/
>
> Robert Goldaris
> Patricia McLane
> Assistant United States Attorneys